MERWIN, J., (*dissenting.*) In view of other provisions of the Revised Statutes, (part 1, c. 17, tit. 2, art. 1,) I think flour and meal are different articles; and the word "flour" in the exemption law was not designed to include meal; so on this I think the circuit was right; but the verdict is larger than the evidence warrants, so I assent to reversal.

---

### MINOR *v.* BARON *et al.*

(*Supreme Court, General Term, Second Department.   July 2, 1891.*)

PLEADINGS—AMENDMENT—WHEN TOO LATE.

Where defendant moved to amend his answer after plaintiff had rested his case, the motion was properly denied.

Appeal from circuit court, Kings county.

Action by Leman C. Minor, Jr., against Bernhard Baron and Henry Kraus. After plaintiff had rested his case, defendants moved for leave to amend their answer, which was denied. From a judgment entered on the verdict of a jury, and from an order denying a motion for a new trial made on the minutes of the court, defendants appeal.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Leopold Wallach,* for appellants.   *Carpenter & Roderick,* for respondent.

DYKMAN, J. This is an appeal from a judgment entered upon a verdict, and from an order denying a motion for a new trial upon the minutes of the court. The action was for the recovery of the amount due upon a contract, and the only question of fact involved was whether the original contract had been modified in the manner claimed by the plaintiff, or as insisted by the defendants. That question was fairly submitted to the jury, and the verdict was for the plaintiff. The testimony was contradictory, and we must assume now, in view of the verdict, that the jury found the facts according to the plaintiff's testimony and insistence, and that was sufficient to sustain the verdict. In our view the evidence introduced by the plaintiff was quite preponderating. It was not erroneous to deny the motion of the defendants to amend their answer upon the trial, and we find no error in the record. The judgment and order should be affirmed, with costs.   All concur.